UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

KENDRICK JACKSON,

        Petitioner,

v.                                          Case No. 09-CV-792

DODGE CORRECTIONAL INSTITUTION,[1]

        Respondent.
_____

## ORDER

On August 17, 2009, petitioner Kendrick Jackson ("Jackson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After pleading guilty in Milwaukee County Circuit Court, Jackson was convicted of two counts of first-degree sexual assault while armed, a violation of Wis. Stat. § 940.225, and two counts of kidnaping/seizing or confining without consent, a violation of Wis. Stat. § 940.31. Jackson was sentenced to twenty years imprisonment, and fourteen years supervision. Jackson is currently confined to the Dodge Correctional Institution in Waupun, Wisconsin.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state

---

[1] Petitioner mistakenly named the facility in which he is confined as the respondent in this case. Rule 2(a) of the Rules Governing 2254 Cases states that "the petition must name as respondent the state officer who has custody[,]" which would be Tim Lundquist, the warden of Dodge Correctional.

a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Jackson's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it appears Jackson's petition is timely. According to the information provided in his federal habeas petition, Jackson's conviction became final on November 16, 2008, which was 90 days after the Wisconsin Supreme Court denied Jackson's petition for review. Thus, Jackson had until November 16, 2009, to file a federal habeas petition.

The court continues its Rule 4 review by examining Jackson's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell*

*v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that, with the exception of claim three, each of the claims set forth in Jackson's petition have been exhausted. Jackson presents the following five claims for relief in his petition: 1) the police did not have either verbal or non-verbal consent to enter Jackson's residence; 2) if the police had consent, such consent was gained through deception; 3) respondent mischaracterized the record in order to make the case for non-verbal consent; 4) consent cannot be gained by mere acquiescence; and 5) statements and other evidence seized must be suppressed based on the police violating Jackson's Fourth Amendment rights. Each of Jackson's claims, except for claim number three, were considered and rejected by

-3-

the Wisconsin Court of Appeals. The Wisconsin Supreme Court denied Jackson's petition for review of the Court of Appeals' ruling on those claims. Therefore, those claims appear to have been fully exhausted in state court. As to claim three, it appears from the court of appeals' decision that claim was not raised in the court of appeals. This is confirmed by Jackson's federal habeas petition, which states that claim three was not raised in the court of appeals, but was raised in the petition for review filed with the Wisconsin Supreme Court.

Because it appears claim three is unexhausted, the court could dismiss the entire petition and allow Jackson the choice of dropping the claim or attempting to exhaust it. However, for reasons having nothing to do with exhaustion, Jackson's petition is fundamentally flawed. Thus, he is clearly not entitled to habeas relief. Therefore, dismissing this petition on the grounds of non-exhaustion would either be misleading (in that it would make Jackson think his petition would survive a Rule 4 screening if he dropped claim three) or would be wasteful (if Jackson returned to state court to try to somehow exhaust claim three). The court will thus deal with the issues on their merits.

The reason that Jackson's petition fails on the merits is owing to the fact that none of his claims, even if proven, would show that he is being held in violation of the laws of the United States. All of Jackson's claims, except for claim three, allege violations of the Fourth Amendment. However, Fourth Amendment violations do not give rise to federal habeas claims, so long as the state provided Jackson a full and fair opportunity to litigate his Fourth Amendment claims. *See Stone v. Powell*, 428

U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."). Jackson was given the opportunity to present his Fourth Amendment claims to the circuit court during the pretrial suppression motion hearings. He was then given the opportunity to present his Fourth Amendment arguments to the court of appeals. "Absent a subversion of the hearing process, [this court] will not examine whether the state courts made the right decision." *Ben-Yisrayl v. Buss*, 540, F.3d, 542, 552 (7th Cir. 2008). There was no subversion of the hearing process. Jackson presented his arguments. The circuit court and the appellate court took heed of his arguments, they identified the relevant factual and legal questions, and they rendered a decision on the matters. Ultimately Jackson disagrees with the decisions they rendered, and he now asks this court to find that the state courts reached the wrong decision. *Stone* does not permit this court to do so. *See Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005) ("[Petitioner] simply asks [the court] to disagree with the state courts' [Fourth Amendment] decision, a path that *Stone* closes.").

As for claim three, this claim is also not a cognizable habeas claim. Jackson is not alleging that the court of appeals did not have access to the entire record. He is not alleging that respondent lied to the court of appeals. He simply is alleging that respondent's brief included only those facts from the record that were supportive of respondent's position, and failed to include those facts supportive of Jackson's

-5-

position. Even if true, this does not entitle Jackson to habeas relief. In the adversarial system, the onus was on Jackson to ensure that the court of appeals was made aware of the facts supporting Jackson's claims. Indeed, a reading of the court of appeals' decision, *State v. Jackson*, 2009 WI App 99, 754 N.W.2d 254 (Table), reveals that the court was well aware of Jackson's arguments as well as the facts and case law upon which he relied for support. Ultimately the court simply did not agree with Jackson; this does not mean the court was misled by respondent, or that the court was uninformed. Jackson's third claim must be viewed as simply frivolous in that it would not entitle him to relief even if he could show that respondent's brief contained only the facts supporting respondent's position.

Because it plainly appears that Jackson is not entitled to relief on any of his claims, dismissal under Rule 4 is appropriate.

Accordingly,

**IT IS ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED**.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-6-

Case 2:09-cv-00792-JPS    Filed 10/27/09    Page 6 of 6    Document 2